**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM GAUNTNER, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**DUANE L. DOYLE,** )<br>)<br>**Defendant.** )<br>)<br>) | **Case No. 1:07-CV-3895**<br><br>**JUDGE ANN ALDRICH**<br>**Magistrate Judge**<br>**Nancy Vecchiarelli**<br><br>**MEMORANDUM AND ORDER** |

Before the court is defendant Duane L. Doyle's ("Doyle") motion to dismiss this case pursuant to Rule 12(b)(6). (Doc. No. 4.) Because both parties have presented matters outside the pleadings for the court's consideration, and because the parties' briefing indicates that they are each aware of the possibility of conversion to summary judgment in such instances, the court treats the instant motion as one for summary judgment. For the reasons set forth below, the court grants summary judgment in Doyle's favor and dismisses the claims with prejudice.

**I.    Background**

Doyle is an attorney who was retained by Bonafide Builders, Inc. ("Bonafide"), a home repair contractor, to collect on a debt allegedly owed by plaintiffs William and Susan Gauntner (the "Gauntners").

On December 5, 2007, Doyle served the Gauntners with a letter demanding that the Gauntners pay Bonafide $26,692.22 within eight days. The letter further indicated that if a lawsuit became necessary, Doyle would sue the Gauntners for punitive damages, legal fees, and costs. In

addition, the last paragraph of the letter stated, in capital letters: "This is an attempt to collect a legitimate debt. Any information received from you will be used to further our collection efforts."

On December 27, 2007, the Gauntners filed the instant action in federal court. Their one-count federal complaint asserts that Doyle is a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), and that he violated the act (1) by using false, deceptive, and misleading representation and means to collect the Gauntners debt, (2) by failing to provide the Gauntners with a validation rights notice, (3) by misleading the Gauntners in threatening to sue unless payment was made within eight days, and (4) by trying to collect an amount greater than that authorized by the agreement.[1]

Doyle filed a state court complaint against the Gauntners on January 14, 2008 and was served with this lawsuit two days later. On January 30, 2008, Doyle filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that (1) he is not subject to the FDCPA, and (2) even if that act applies, he has not violated it.

## II.     Conversion to Summary Judgment

In considering a motion pursuant to Rule 12(b)(6), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). It is therefore within the district court's discretion to

---

[1] As part of their FDCPA claim, the Gauntners also assert that Doyle violated Rule 7.1 of the American Bar Association's Model Rules of Professional Conduct which prohibits a lawyer from making false or misleading communications about his or her services. Because the Gauntners assert this as part of their FDCPA claim and not as a separate count, and because they do not seek any particular relief for this alleged violation, the court does not construe it as a separate count. Further, to the extent that a violation of professional conduct could form a separate count in this case, the Ohio Rules of Professional Conduct would govern, not the American Bar Association Model Rules.

consider such matters, although doing so converts the motion into one for summary judgment. *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997).

When converting a Rule 12(b)(6) motion INto a motion for summary judgment, the facts and circumstances of each case will determine whether a district court must provide actual notice of conversion to the parties. *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2003). Thus where one party is likely to be surprised by the conversion, notice is required. *Salehpour v. University of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998). Further, in making such a determination, a court may also consider whether the party who did not submit matters outside the pleadings had ample time to respond to such matters. *See Id*.

The facts and circumstances of the instant case indicate that actual notice is not required. As a preliminary matter, the court notes that the Gauntners attached three exhibits to their complaint: a copy of Doyle's letter and two printouts from Doyle's website. Doyle's motion to dismiss also contains matters outside of the pleadings: two affidavits, two letters, and a copy of the state court complaint. Finally, the Gauntners' memorandum in opposition to Doyle's motion to dismiss again includes Doyle's letter and the two website printouts as exhibits. Thus both parties have presented the court with matters outside the pleadings. Further, because the Gauntners filed their opposition two weeks early, and Doyle chose not to file a reply memorandum, each party has been afforded ample time to respond to such matters.

The record also shows that neither party is likely to be surprised by the conversion. Specifically, in Doyle's brief, he explicitly noted that he had supplemented his motion with exhibits. Similarly, in the Gauntner's opposition brief, they cited, and in fact underlined, law requiring the

-3-

court to convert a motion to dismiss to one for summary judgment if matters outside the pleadings are considered. Accordingly, the Gauntners were well aware of this possibility, and perhaps relied on it when they submitted matters outside of the pleadings for the court's consideration. Further, when the Gauntners underlined the possibility of conversion in their opposition, Doyle had notice of this possibility. Nonetheless, he chose not to file a reply memorandum. In light of these facts, the court is convinced that both parties are on notice of the potential for conversion, making actual notice of conversion unnecessary at this juncture. Accordingly, the court will treat Doyle's motion to dismiss as a motion for summary judgment pursuant to Rule 56(c).

## III.     Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). However, if the facts of the case are undisputed, then one of the parties is clearly entitled to summary judgment. *Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 206 (6th Cir. 1996).

## IV.     Discussion

In their complaint, the Gauntners assert that under the FDCPA, Doyle is a debt collector, that their alleged debt qualifies as a consumer debt, and that they are consumers. Accordingly, they assert that Doyle is subject to the provisions of that act. Doyle moves to dismiss their complaint on the basis that (1) he is not subject to the FDCPA, and (2) even if that act applies, he has not violated it. As set forth below, however, Doyle is not subject to the FDCPA. Therefore, the court need not reach Doyle's second argument.

### A.  *Legal framework*

Subject to certain exceptions, none of which Doyle invokes here, under the FDCPA, "debt collector" means

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The Supreme Court has construed this provision to include "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 298 (1995). The Sixth Circuit has interpreted "regularly" as follows:

> for a court to find that an attorney or law firm "regularly" collects debts for purposes of the FDCPA, a plaintiff must show that the attorney or law firm collects debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of his or its general law practice.

*Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999).

In *Schroyer*, the Sixth Circuit affirmed the district court's conclusion that an attorney and his law firm did not "'regularly' collect debts so as to constitute 'debt collectors' under the FDCPA" where only 2% of the firm's overall practice consisted of debt collection cases, the firm did not employ any individuals full-time to collect debts, and only 7.4% of the individual attorney's practice consisted of debt collection cases. *Id*. The Sixth Circuit further noted that in the majority of the attorney's debt collection cases, he represented debtors and thus was not competing with lay debt collectors. *Id*. Further, the attorney represented a number of business clients who were the source of a number of his debt collection cases. *Id*. In light of these facts, the Sixth Circuit affirmed the district court's determination that the attorney and his law firm were not debt collectors where

plaintiffs failed to offer evidence showing that the revenues received from debt collection activities constituted a great portion of the overall revenues, and failed to show that the law firm or the attorney "handled debt collection cases as part of an ongoing relationship with a major creditor or business client with substantial debts for collection." *Id*.

One district court in this circuit has expanded upon the *Schroyer* factors by considering whether an attorney had advertised collections services on his website. *Derenick v. Cohn*, No. 1:04-cv-11, 2004 U.S. Dist. LEXIS 25548, at *10-11 (E.D. Tenn. Aug. 10, 2004). In *Derenick*, the attorney attested that debt collection was a small part of his practice, but did not quantify to what extent. *Id*. at *9. However, the plaintiff offered evidence that the attorney had filed 277 collection actions in one court alone, that the attorney's website contained a detailed explanation of collection services, and that the website stated that the attorney had over 25 years of experience in creditor's rights. *Id*. at *9-11. Although the attorney disputed whether the 277 actions were actually collection actions, he did not dispute the website evidence, and the district court found that there was a genuine issue of material fact as to whether the attorney was a debt collector within the meaning of the FDCPA. *Id*. at *9-11.

### *B. Whether Doyle is a "debt collector"*

In the instant litigation, the parties do not dispute the underlying facts. Applying the Sixth Circuit's guidance from *Schroyer*, and the considerations from *Derenick*, this court finds no genuine issue of material fact and grants summary judgment in Doyle's favor.

In the complaint, the Gauntners allege facts supporting the allegation that Doyle is a debt collector. Specifically, they note that Doyle's letter "paid careful attention to identify said letter as an attempt to collect debt," noting in particular the letter's compliance with the statutory

-6-

requirements of 15 U.S.C. § 1692e(11). That provision makes it a violation for a debt collector to "fail[] to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). Doyle's demand letter contained similar language: "This is an attempt to collect a legitimate debt. Any information received from you will be used to further our collection efforts." In light of this similarity, the Gauntners point to Doyle's adoption of the statutory language as evidence that he is a debt collector under the FDCPA. Doyle does not dispute that he used this language.

The Gauntners further allege that Doyle is a debt collector under the FDCPA because his website lists "collections" as one of several services offered. They therefore assert that because Doyle asserts such services, he is a debt collector under the act, regardless of the number of collection cases he actually retains. Doyle does not dispute that he advertises such services on his website, although he remarks that the website has not actually brought him any business in that area.

As noted, Doyle does not dispute the Gauntners' factual allegations. Instead, he offers his own evidence to show that he does not, and never has, "regularly" engaged in collection activities. In support of this statement, he refers to the *Schroyer* factors. Specifically, he points to his affidavit in which he attests that he does not regularly represent collection cases and has never represented a collection agency. He further attests that the few collection cases that he has handled are for small business clients on a casual basis. In addition, he refers to an affidavit prepared by his legal secretary, his sole employee. In her affidavit, she attests to statistics that she has compiled indicating that over the past four years, Doyle has pursued 4-9 debt collection matters per year, constituting an average of 6.8% of his overall practice during that time period. Further, she notes

that one client is responsible for 4-5 collection matters per year, although the majority of the representation of that client is for civil matters not related to collections. The Gauntners do not dispute any of these facts.

Applying *Schroyer*, this court finds that there is no genuine issue of material fact that Doyle is a debt collector under the FDCPA. Like the attorney in *Schroyer*, Doyle does not employ any full-time individuals to collect debts. Similarly, only 6.8% of his practice consists of debt collection cases, whereas in *Schroyer*, the percentage was 7.4%. Further, a number of Doyle's collection efforts are attributable to a particular business client, similar to the situation in *Schroyer*. These facts make it clear that as a matter of law, Doyle's limited amount of practice in debt collection activities does not subject him to the FDCPA. The fact that Doyle sent a demand letter that at least partially complied with the FDCPA does not change this legal determination.

Nor does the fact that Doyle lists "collections" as one of seven services on his website change the outcome. Doyle's website merely states that he will pursue collections based on one third of the recovery and that he reserves the right to not litigate a collection all the way to judgment. He provides absolutely no information regarding the nature of his services. Nor does he indicate what experience he has, if any, pursuing collections. Thus, the information posted on Doyle's website establishes that he will accept collection work; unlike the attorney in *Derenick*, Doyle's website cannot be relied on to show that he is in the business of "regularly" engaging in collection activities.

Accordingly, based upon the undisputed underlying facts, there is no genuine issue of material fact regarding whether Doyle is a debt collector under the FDCPA. Therefore, the court grants summary judgment in his favor.

**V.     Conclusion**

For the reasons set forth above, Doyle's motion to dismiss, as converted to a motion for summary judgment, is granted. (Doc. No. 4.) Accordingly, the Gauntners' claim is dismissed with prejudice. This order is final and appealable.

IT IS SO ORDERED.

                                                                     /s/ *Ann Aldrich*
                                                                  ANN ALDRICH
                                              UNITED STATES DISTRICT JUDGE

**Dated: April 29, 2008**